## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS WOOD ,** | ) | **CASE NO.  5:06CV2591** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SUMMIT COUNTY FISCAL** | ) | **MEMORANDUM OPINION** |
| **OFFICE,** et al., | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court upon Defendant Summit County Fiscal Office and Defendant John Donofrio's ("Defendants") Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56.  (Dkt. # 49).  On August 13, 2008, Magistrate Judge James S. Gallas issued a Report and Recommendation recommending that this Court GRANT Defendants' Motion for Summary Judgment.  (Dkt. # 60).  For the following reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

On January 24, 2005, Plaintiff Thomas Wood ("Wood") filed an internal complaint with the Summit County Fiscal Office, complaining of Defendant Summit County Fiscal Office's ("SCFO") failure to promote Wood and give him a raise. (Defendants' Ex. 2).  On February 11, 2005, Wood filed a second internal complaint with SCFO's Appointing Authority, making the same allegations. (Defendants' Ex. 3).  Both of these grievances were resolved in favor of Summit County.

1

On June 24, 2005 Wood filed a complaint with the Summit County Equal Employment Office ("EEO") alleging age discrimination, retaliation, hostile work environment, and violation of equal pay for equal work requirements. (Defendants' Ex. 4).   On October 13, 2005, the EEO notified Wood that they did not find evidence to support any of Wood's complaints. (Defendants' Ex. 5).

On January 2005, SCFO issued a directive to employees that they were not to re-enter their work area without specific permission after using their magnetic key cards to "swipe-out."   (Davis Aff. ¶ 7).   In October, 2005, Wood's coworker, June Garey witnessed Wood in the office one evening between 5 p.m. and 6 p.m. after he had swiped out.  (Garey Dep. at 53-54).

Wood was subsequently placed on paid administrative leave for misconduct. (Plaintiff's Ex. I). On October 13, 2005, Wood was escorted from his office by a sheriff's deputy.  Id.  Wood's removal from the building took place on the same day Wood learned that his internal complaints had been denied.   (Plaintiff's Ex. C).   Wood was also provided notice that he had been recommended for disciplinary action, which could result in termination.  (Defendants' Ex. 6).  The notice stated that the recommendation was based on allegations of misconduct, which constituted a Group III Offense of the Summit County Personnel Policy and Procedures manual.  Id.  The Policy and Procedures manual defined Group III offenses as "those infractions which are of a very serious nature or possibly a criminal nature. . ." (Defendants' Ex. 1).

SCFO requested that the Summit County Sheriff investigate Wood's allegedly unauthorized presence in the building.  (Brown Dep. at 11).   Detective David Brown

2

("Det. Brown") was assigned to investigate Wood. Id. On October 17, 2005, Wood received an e-mail from Mary Rowlands ("Ms. Rowlands"), SCFO's legal counsel, informing Wood that his "repeated unauthorized presence in the Fiscal Office [had] been referred to the Summit County Sheriff for investigation." (Defendants' Ex. 7).

On October 21, 2005, Ms. Rowlands sent a letter to Wood's attorney stating that if Wood did not meet with Det. Brown by October 26, 2005, Wood would be placed on unpaid administrative leave. (Defendants' Ex. 10). Ms. Rowlands stated: "While the Fiscal Office cannot, nor would not, require Mr. Wood to waive his 5th Amendment privilege, his cooperation, or lack thereof, in this process will be a factor in any employment action affecting him." Id.

On October 24, 2005, Ms. Rowlands sent another letter to Wood's attorney stating: "The Fiscal Office has referred this matter to the sheriff for investigation into suspected criminal conduct." Ms. Rowlands went on to state that failure to cooperate would be "considered" as stated in the Ms. Rowland's October 21 letter. Finally, the letter informed Wood that he would be placed on unpaid leave beginning October 27, 2005, if he had not been interviewed by Det. Brown by that time. (Plaintiff's Ex L).

On October 26, 2005, SCFO sent a "Notice of Intent to Discipline" ("Disciplinary Memo") informing Wood that he had been recommended for disciplinary action which could lead to his termination. The Disciplinary Memo alleged: "insubordination, a violation of the Summit County Fiscal Office Personnel policy and Procedures Manual, Section 8.3, Group III Offense, # 12." (Defendants' Ex. 11). The Disciplinary Memo

also informed Wood of his right to a pre-disciplinary hearing, which was scheduled for October 31, 2005.  Id.

Wood waived his opportunity for a pre-disciplinary conference in a letter dated October 30, 2005.  (Defendants' Ex. 12).  On October 31, 2005, a pre-disciplinary conference was held without Wood in attendance.  The pre-disciplinary conference hearing officer determined that there was cause to discipline Wood for insubordination. (Defendants' Ex. 13).

On November 9, 2005, SCFO sent a letter to Wood informing him that as a result of the hearing findings, he was suspended without pay for thirty (30) consecutive days during which time the Fiscal Officer would finalize a decision regarding Wood's employment status. (Plaintiff's Ex. P).   On December 2, 2005, SCFO sent Wood a letter informing him that he was being terminated from employment.  (Plaintiff's Ex. Q).

Wood appealed his termination to the Summit County Human Resources Commission ("HRC").  (Defendants' Ex. 19).   A full post-termination evidentiary hearing was held on February 22, 2006.  Wood attended the hearing and was represented by counsel.  Id.    On April 12, 2006, Wood filed a complaint with the U.S. Equal Employment Opportunity Commission, alleging age discrimination and retaliation. (Defendants' Ex. 16).   On July 12, 2006, HRC affirmed Wood's termination. (Defendants' Ex. 20).  Wood failed to appeal HRC's decision to the Summit County Court of Common Pleas as permitted by Ohio Revised Code 2509, *et seq*.  Wood filed the instant Complaint on October 25, 2006.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation regarding a motion for summary judgment, this Court must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72.  If a party fails to make a specific objection on a particular issue, that issue is waived. Id.

## III. LAW AND ANALYSIS

Wood timely filed Objections to the Magistrate Judge's Report and Recommendation.  (Dkt. # 61).  For the following reasons, the Court finds that each objection is without merit.

### A.  Age Discrimination

Wood objects to the Magistrate Judge's finding that Wood's age discrimination claims are time barred.  Under federal law, Wood was required to file his complaint alleging unlawful discrimination within 300 days after SCFO's alleged unlawful practice occurred.   29  U.S.C § 626(d).  Under Ohio law, Wood was required to file within 180 days.   Ohio Rev. Code 4112.02(N).  Wood's complaint was filed with the EEOC on April 12, 2006.   (Defendants' Exhibit 16).  The Magistrate Judge therefore correctly recommended dismissal of all federal claims that occurred before June of 2005 in addition to all of Wood's state claims.

Wood contends that the relevant statutes of limitations should be tolled on equitable grounds.  However, time limitations may be tolled only when "compelling circumstances" exist.  Leeds v. Potter, 249 Fed. Appx. 442, 446 (6th Cir. 2007); see also

Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989).  The Sixth Circuit has set forth five factors for courts to consider to determine whether compelling circumstances exist: (1) whether the plaintiff had actual notice of the time restraint; (2) whether the plaintiff had constructive notice of the time restraint; (3) the degree of diligence exerted in pursuing his rights; (4) the degree of prejudice to the defendant; and (5) the reasonableness of plaintiff's ignorance of the time constraint.  Leeds, at 446-447.

In the instant case, Wood has not shown that compelling circumstances exist to justify tolling the relevant statutes of limitations.  Wood was aware of or should have been aware of these time limitations.  He has failed to state any facts to the contrary.  Instead, Wood states that he was not represented by counsel when he filed his allegations of age discrimination.  (Defendants' Ex. 5).  There is no evidence in the record, however, that defendants, or anyone else, prevented Wood from hiring an attorney earlier in the process.

Wood fails to identify any "age-related" claims that occurred after the appropriate time limitations had passed, and Wood has failed to identify compelling circumstances to warrant tolling the time limitations.  Therefore, the Magistrate Judge properly granted summary judgment on Wood's federal and state age discrimination claims.

## B.  Retaliation

Wood objects to the Magistrate Judge's rejection of Wood's retaliation claims. The Magistrate Judge correctly ruled, however, that most of Wood's retaliation complaints—refusal to promote, pay inequity, change of cubicle, and change in work hours—are time barred.  In addition, Wood has failed to present material facts supporting

6

his remaining retaliation claims (unpaid leave, discharge, and refusal to pay Wood for unused vacation).

In order to establish a *prima facie* case for retaliation under the Age Discrimination in Employment Act, Wood must show: (1) that he engaged in protected activity; (2) that his employer had knowledge of his protected conduct; (3) that his employer took an adverse employment action towards him; and (4) that there was a causal connection between the protected activity and the adverse employment action. Fox v. Eagle Distrib. Co., 510 F.3d 587, 591 (6th Cir. 2007).

While Wood may have satisfied the first three of these prongs, Wood has not shown material facts to demonstrate that there was a causal connection between Wood's age discrimination complaint and his termination or SCFO's refusal to pay Wood's leave/vacation. Proximity in time between an employee's protected conduct and an employer's adverse action is insufficient to demonstrate retaliation. Cooper v. City of N. Olmsted, 795 F.2d 1265, 1272 (6th Cir. 1986) ("The mere fact that [the plaintiff] was discharged four months after filing a discrimination claim is insufficient to support an inference of retaliation"). Because Wood has failed to show any facts other than proximity of events, Wood cannot prevail on his retaliation claims. [1]

---

[1] Wood refers in his Amended Complaint to unused vacation time Wood believes he is owed. Wood incorporates this alleged withholding into his retaliation claim. While this Court has ruled that Wood has failed to make a retaliation claim, Wood is not precluded from pursuing recovery of his unused vacation time in state court.

### C. Due Process

Wood objects to the Magistrate Judge's finding that no due process violations occurred in the instant case.   Wood does not object to the Magistrate's finding that Wood's claims concern *procedural*, rather than *substantive*, due process rights.

The Fifth Amendment provides procedural due process rights to public employees, including pre-termination and post-termination procedures. Corbett v. Garland, 228 Fed. Appx. 525, 530 (6th Cir. 2007).  Pre-termination procedures must provide:  (1) oral or written notice of the pre-termination hearing, (2) an explanation of the employer's evidence, and (3) an opportunity for the employee to "present his side of the story."  Id. See also Cleveland Bd. of Educ. V. Loudermill, 470 U.S. 532 (1985).

Wood waived his right to attend his pre-disciplinary hearing.  (Defendants' Ex. 12).  Wood appealed his termination with HRC and a full post-termination evidentiary hearing was held on February 22, 2006.  (Defendants' Ex. 19).  Wood attended the hearing and was represented by counsel.  Id.

Wood contends that SCFO did not provide him proper notice of the reasons for his termination prior to Wood's pre-termination conference and post-termination hearing. Wood points to the fact that he was initially told he was being investigated for re-entering the premises, yet he was later terminated for insubordination and failing to cooperate with Det. Brown.   Notice can be oral or written—no particular form is required.  Gilbert v. Homar, 520 U.S. 924, 929 (1997).    In addition, surrounding circumstances can reasonably supplement the deficiencies in the notice.  Humphrey v. Scott County Fiscal

8

<u>Ct.</u>, (employee's arrest and prosecution sufficiently apprised him about the reasons for his termination) 211 Fed. Appx. 390, 392 (6th Cir. 2006).

Wood received ample notice that SCFO intended to discipline wood for insubordination. On October 24, 2005, Ms. Rowlands sent a letter to Wood's attorney stating that Wood's failure to cooperate with Det. Brown would be "considered" in Wood's discipline. (Plaintiff's Ex L). The letter also informed Wood he would be placed on unpaid leave if he had not been interviewed by Det. Brown by October 27, 2005. <u>Id</u>. In addition, Wood received a Disciplinary Memo fully informing Wood of SCFO's intent to discipline Wood for insubordination. Wood has therefore not presented material facts to demonstrate that his due process rights were violated.

### D. Fifth Amendment

Wood objects to the Magistrate Judge's finding that Wood has not put forth genuine issues of fact to show that SCFO violated his Fifth Amendment rights. Wood contends that by firing Wood for refusing to speak to Detective Brown, SCFO violated Wood's right against self-incrimination.

A public employer may not fire an employee because he is unwilling to abandon his Fifth Amendment right against self-incrimination. <u>Lefkowitz v. Cunningham</u>, 431 U.S. 801 (1977). Likewise, a public employer may not coerce an employee, through threat of termination, to provide incriminating statements, and then subsequently use those statements in a criminal prosecution. <u>Garrity v. New Jersey</u>, 385 U.S. 493, 500 (1967).

9

There is no evidence in the record, however, that the SCFO was asking Wood to give up his Fifth Amendment rights.  A criminal proceeding never resulted from this matter, and Wood was never asked questions that might have incriminated him.  Wood cannot prevail on a mere theoretical threat of a *possible* Fifth Amendment violation.

Wood, moreover, has not demonstrated that self-incrimination was the basis for his refusal to speak with Detective Brown or the basis for waiving his pre-termination hearing.  Instead, Wood asserts that he did not want to speak to Detective Brown or participate in an administrative hearing without his attorney present.  The Fifth Amendment, however, does not provide a right to an attorney during an administrative hearing.  Speiser v. Engle, 107 Fed. Appx. 459, 461 (6th Cir. 2004).  Wood has therefore failed to present a material issue of fact with respect to a violation of Wood's Fifth Amendment rights.

**E. First Amendment**

Wood objects to the Magistrate Judge's finding that Wood's First Amendment rights were not violated. The Magistrate Judge found that there was no matter of public concern at issue in the discipline taken against Wood.  When employee expression cannot be fairly characterized as a matter of political, social or other concern to the community, it is unnecessary for a court to scrutinize the reasons for the employee's discharge.  Connick v. Myers, 461 U.S. 138, 146 (1983).  Wood has failed to articulate why his expression related to a matter of public concern, or any interests aside from his own.  Wood has therefore not put forth material issues of fact to show that SCFO violated his First Amendment rights.

10

### F.  **Monell v. Dept. of Social Services**

Wood objects to the Magistrate Judge's finding that Wood had not established liability on the part of SCFO for its officials' acts.  A local government may not be held liable under §1983 for harm caused by its employees unless the employee's actions represent a policy or custom of the local government.  Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).  The Magistrate Judge correctly found that because Monell does not in itself create a separate cause of action, and Wood has not demonstrated any violation of constitutional rights, Wood has therefore not demonstrated material issues of fact to invoke Monell.

### G. **Intentional Infliction of Emotional Distress**

Wood objects to the Magistrate Judge's finding that SCFO's actions did not constitute intentional infliction of emotional distress ("IIED").  Wood contends that the sum of SCFO actions amounted to IIED.  These actions included the alleged discrimination, initiation of administrative charges, escorting Wood from the building, and ultimately his termination.

A claim of IIED requires plaintiff to show: (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress.  Phung v. Waste Mgt., Inc., 71 Ohio St.3d 408, 410 (1994).  The Ohio Supreme Court has clearly stated that, in order to be liable for IIED, a defendant must commit behavior "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and

11

utterly intolerable in a civilized community."  Reamsnyder v. Jaskolski, 10 Ohio St.3d 150, 153 (1984).

Wood has not presented sufficient facts to show that SCFO's actions were extreme and outrageous.  Rather, SCFO's actions, in sum, represent appropriate action taken on the part of an employer dealing with an employee who violated office policies. Therefore, Magistrate Judge Gallas properly granted summary judgment for Defendants on Wood's claims of intentional infliction of emotional distress.

### H. Qualified Immunity

Wood objects to the Magistrate Judge's finding that Wood has not shown sufficient facts to hold Defendant John Donofrio liable in his individual capacity. Government officials may be held liable when their actions violate a "clearly established statutory or constitutional [right] of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

The Magistrate Judge correctly found that because, as a threshold matter, Wood has not demonstrated material issues of fact to show a single constitutional violation committed by any defendant, Wood has not demonstrated material issues of fact to overcome qualified immunity.

### I.  Hostile Work Environment

Wood has not set forth an objection to the Magistrate Judge's findings regarding hostile work environment.  FED. R. CIV.P. 72(b) provides that objections to a report and recommendation must be filed within ten (10) days after service.  The Court must assume that Wood is satisfied with the Magistrate Judge's recommendation on this issue.  Any

further review by this Court would be a duplicative and an inefficient use of the Court's limited resources.  Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

## IV. CONCLUSION

The Report and Recommendation of Magistrate Judge Gallas (Dkt. # 60) is hereby **ADOPTED**.  Defendants' Motion for Summary Judgment (Dkt. # 49) is therefore **GRANTED**.  Wood's objections to the Magistrate Judge's Report and Recommendation (Dkt. # 61) are **OVERRULED**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – September 29, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**